Argued and submitted January 27, affirmed September 15,
reconsideration denied October 27,
petition for review allowed December 29, 1982 (294 Or 295)

PADDACK et al,
*Appellants,*

*v.*

RASMUSSEN et al,
*Respondents.*

(No. 79-2102, CA A21314)

650 P2d 1036

David S. Paull, Portland, argued the cause for appellants. With him on the brief were Paul T. Bailey and Bailey & Paull, Portland.

Robert O'Brien and Paul R. Meyer, Portland, argued the cause for respondents. With them on the brief was Kobin & Meyer, P.C., Portland.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

Plaintiffs brought this action for damages for the wrongful removal from Oregon of lienable personal property, the vessel Nordic Monarch, which resulted in plaintiffs' inability to foreclose their claimed lien.

Plaintiffs are the trustees of the Oregon-Washington Carpenters-Employers Health and Welfare, Pension, Vacation Savings, and Apprenticeship and Training Trust Funds. They claim a lien was obtained under ORS chapter 783 on defendants' vessel for employe benefit contributions due from Hillstrom Shipbuilding Company ("Hillstrom") for carpenter labor expended in the construction of the vessel.

In August, 1979, before construction of the vessel was completed, Hillstrom declared bankruptcy. Defendant Rasmussen, managing general partner of the limited partnership that owned the vessel, and a secured creditor, Puget Sound Production Credit Association (Credit Association), petitioned the bankruptcy court to authorize the trustee in bankruptcy to release the Nordic Monarch. The petition was granted, and the trustee abandoned the hull to defendants in October, 1979. Defendants then began soliciting bids for its completion. The Credit Association authorized defendants to take appropriate action to protect its security interest, including the removal of the vessel from Hillstrom's construction site.

On November 6, 1979, plaintiffs telephoned a Seattle attorney for defendants and informed him of their claim on the vessel. The conversation was followed with a letter claiming a "construction lien" under ORS 87.010. No notice of lien, as required by ORS 87.021, was ever served on defendants as owners of the lien-subject property.

Plaintiffs brought suit against the vessel to foreclose their lien, claimed under ORS 783.010, on December 18, 1979. Between December 26 and 29, 1979, the vessel was towed to a shipyard in Tacoma, Washington, so that construction could be completed. Defendant Rasmusssen was served in the foreclosure suit on January 8, 1980.

Plaintiffs' foreclosure suit was dismissed for lack of jurisdiction. They then filed this action. The trial court

granted defendants' motion for summary judgment on the grounds that plaintiffs' lien was unperfected and unenforceable and that, as a consequence, the removal of the vessel from Oregon was not wrongful. Plaintiffs appeal.

Defendants argue that a lien claimant under ORS 783.010[1] must perfect his lien by causing the subject vessel to be seized as provided by ORS 783.050.[2] In the absence of such a seizure, no lien is acquired and no suit to foreclose a lien can be brought. Plaintiffs contend that seizure is required only when the action is commenced against the vessel alone. When the action is brought against the vessel owners as well, plaintiffs contend, no perfection of the lien is necessary, because no procedure for perfection is provided in the statute. In support of this argument, plaintiffs cite ORS 783.030, which provides:

"Any person having a demand as mentioned in ORS 783.010, instead of proceeding for recovery thereof against the master, owner, agent or consignee of the boat or vessel, may at his option commence an action against such boat or vessel by name."

We disagree with plaintiffs' arguments. ORS chapter 783 sets forth the necessary procedures to foreclose a vessel lien. The complaint is to be filed against the vessel. ORS 783.040. When the complaint is filed, the clerk of the circuit court of the county where the vessel is located then issues a warrant for seizure of the vessel by the sheriff. ORS 783.050. Seizure of the vessel perfects the lien and puts the owners on notice of the claim against it. *Cordrey v.*

---

[1] ORS 783.010 provides, in pertinent part:

"Every boat or vessel used in navigating the water of this state or constructed in this state is liable and subject to a lien:

"* * * * *

"(2) For all debts due to persons by virtue of a contract, expressed or implied, with the owners of a boat or vessel, or with the agents, contractors or subcontractors of such owner, * * * to construct * * * such boat or vessel, on account of labor done * * * by mechanics, tradesmen or others in the building * * * such boat or vessel * * *."

[2] ORS 783.050 provides:

"Whenever the complaint is filed, the clerk shall issue a warrant thereon, commanding the sheriff to seize the boat or vessel mentioned in the complaint, with her tackle, apparel, and furniture and retain the same until discharged from such custody by due course of law."

*Steamship "Bee,"* 102 Or 636, 650-54, 201 P 202 (1922). After return of the warrant, a proceeding is held in circuit court against the vessel seized. ORS 783.060. Nothing in ORS chapter 783 provides for different procedures where the owners of the vessel are also named in the complaint. In either case, seizure of the lien-subject vessel is a condition precedent to the perfection of the lien. Plaintiffs' lien was unenforceable.

■ ■ Plaintiffs next contend that perfection of the lien was unnecessary here, because this action is not one for foreclosure but for damages arising from the wrongful removal of lien-subject property. They argue that defendants had actual notice of their claim and are, therefore, liable for wrongful removal of the vessel. Plaintiffs rely on *Farmers Feed v. Industrial Leasing,* 286 Or 311, 594 P2d 397 (1979), in which the Supreme Court held that, when the owner of lien-subject property wrongfully disposes of it, the proceeds stand in the place of the property sold, and the court could render a money judgment. However, in *Farmers Feed* the property was removed after the filing of a notice of lien pursuant to ORS 87.295; the lien had been perfected. A telephone call and letter[3] to a lawyer claiming a lien do not constitute a substitute for statutory notice as required by ORS 87.021 for a valid non-possessory lien. ORS 87.021(3). There was no legal impediment to defendants' removal of the vessel from this jurisdiction. We decline to extend the Supreme Court's holding in *Farmers Feed* to find defendants liable for "wrongful" removal of property against which no lien had been perfected.

Affirmed.

---

[3] In this letter plaintiffs claimed a "construction lien" under ORS 87.010. There is no evidence that the lien was perfected, and plaintiffs do not raise the issue on appeal.